**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


CHARLES MAYE,

     Petitioner,

v.                                                              CASE NO. 8:10-CV-2327-T-30TBM
                                                              CRIMINAL CASE NO. 8:04-CR-321-T-30EAJ

UNITED STATES OF AMERICA,

     Respondent.
_____/

## **O R D E R**

Before the Court is Petitioner Charles Maye's (hereinafter "Petitioner" or "Maye")

Complaint (CV Dkt. 1) that Petitioner brings as an independent action in equity under Fed.

R. Civ. P., Rule 60(d)(1).[1] For relief, Petitioner requests the Court reopen Case No. 8:07-cv-

1258-T-30EAJ, and hold an evidentiary hearing on Petitioner's ineffective assistance of

counsel claim in Ground Five of his motion to vacate pursuant to 28 U.S.C. § 2255.

**Background**

On December 16, 2004, a grand jury returned a five-count Superseding Indictment

against co-defendants Maye and Leroy Collins (hereinafter referred to as "Collins" or

"co-defendant"). The counts pertaining to Maye charged him with the following crimes:

Count One: conspiracy to intentionally access a computer without
authorization and in excess of authorization, to obtain information from a

---

[1]Rule 60(d)(1) permits a court to "entertain an independent action to relieve a party from a judgment, order, or proceeding."

department or agency of the United States, for the purpose of private financial gain and in furtherance of criminal acts of extortion in violation of 18 U.S.C. § 1030(a)(2)(B) and knowingly and willfully making materially false statements to an FBI agent, in violation of 18 U.S.C. § 1001(a)(2), all in violation of 18 U.S.C. § 371;

Counts Two and Four: intentionally accessing a computer -- the NCIC (National Crime Information Center) computer database -- without authorization and in excess of authorization, to obtain information from a department or agency of the United States, for the purpose of private financial gain and in furtherance of criminal acts of extortion in violation 18 U.S.C. § 1030(c)(2)(B)(I) and (ii) and 18 U.S.C. § 2; and

Count Five: knowingly and willfully making false statements during an interview with a Special Agent of the FBI, in violation of 18 U.S.C. § 1001(a)(2).

(CR Dkt. 6). Trial commenced on March 27, 2006, and on April 7, 2006, the jury found Maye guilty of all charges (CR Dkt. 152). On July 21, 2006, the Court sentenced Maye to 97 months imprisonment, 36 months of supervised release, and a $ 15,000 fine. (CR Dkt. 166). Maye filed a notice of appeal (CR Dkt. 168) which he later voluntarily dismissed (CR Dkt. 177).

On July 18, 2007, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 (CR Dkt. 204). Subsequently, he filed an amended § 2255 motion (CR Dkt. 206). The Court denied the amended § 2255 motion on February 13, 2008 (CR Dkt. 207). On March 31, 2008, this Court denied Petitioner's application for a certificate of appealability (See Case No. 07cv1253-T-30EAJ at Dkt. 31). On July 21, 2008, the Eleventh Circuit Court of Appeals denied Maye's motion for a certificate of appealability (Id. at Dkt. 32).

**Analysis**

Petitioner moves to reopen his Section 2255 proceedings pursuant to Rule 60(d)(1),

Federal Rules of Civil Procedure, as an "independent action in equity." It appears that

Petitioner asserts that this Court failed to address his claim in Ground Five of his amended

§ 2255 motion that trial counsel was ineffective in failing to adequately investigate his case.[2]

Petitioner is not entitled to have his § 2255 action re-opened because the instant

complaint/motion pursuant to Rule 60(d)(1) is effectively a second or successive claim for

relief under Section 2255 for which Petitioner must apply to the Eleventh Circuit for

permission to raise in this Court. See 28 U.S.C. § 2244; 28 U.S.C. § 2255(h)(2). "A party

cannot relitigate 'in the independent equitable action issues that were open to litigation in the

former action where he had a fair opportunity to make his claim or defense in that action.'"

*Sinesterra v. Roy*, 347 Fed. Appx. 9, 10 (5th Cir. Tex. 2009) (unpublished) (quoting *Bankers*

*Mortgage Co. v. United States*, 423 F.2d 73, 79 (5th Cir. 1970). "Nothing 'authorizes the

federal courts to add new equitable remedies to the federal post-conviction remedial

scheme.'" *Id.* (quoting *Renteria-Gonzalez v. I.N.S.*, 322 F.3d 804, 811-12 (5th Cir. 2003)).

This Court lacks jurisdiction to hear Petitioner's Rule 60(d)(1) motion. *See Nugent v. United*

*States*, 255 Fed. Appx. 526, 2007 WL 4165676 (D.C.Cir.2007) (unpublished) ("Because

---

[2]The Court notes that Petitioner's claim in Ground Five of his amended motion was "Counsel provided
Constitutionally ineffective assistance by failing to call key defense witnesses to testify that could have rebutted
significant portions, if not all, of the Government's case against the Movant." (See Case No. 07cv1258-T-30EAJ at
Dkt. 8). In his reply to the Government's response, Petitioner clarified that his claim in Ground Five was "not that
'counsel's deficient investigation failed to reveal these potential witnesses,'...but that counsel, armed with
information of these witnesses and what they could testify to, failed to call them." (Id. at Dkt. 24, pg. 30). The
Court addressed and denied this claim (Id. at Dkt. 25). Thus, it is apparent that Petitioner is now attempting to
present a new, detailed claim that counsel was ineffective if failing to adequately investigate his case.

appellant's Independent Action sought to present a new claim for relief from the criminal judgment against him, the district court properly treated the pleading as a second or successive application under § 2255 and determined it did not have jurisdiction to consider the motion without certification by this court.").

ACCORDINGLY, the Court **ORDERS** that:

1.      Petitioner's Complaint (CV Dkt. 1) is **DISMISSED** for lack of jurisdiction.

2.      The Clerk shall terminate any motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on October 25, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
Petitioner *pro se*